## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-00117-RMR-NYW

ALLA ZAREVO,

      Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INS. CO.,

      Defendant.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Nina Y. Wang

      This matter is before the court on Defendant's Motion to Dismiss in Part Pursuant to Fed. R. Civ. P. 12(b)(6) (the "Motion" or "Motion to Dismiss"). [Doc. 9].   This court considers the Motion to Dismiss pursuant to 28 U.S.C. § 636(b), the Order Referring Case dated January 24, 2022, [Doc. 8], and the Memorandum dated January 27, 2022. [Doc. 12].  The court concludes that oral argument will not materially assist in the resolution of this matter.  Accordingly, upon review of the Motion, the related briefing, and the applicable case law, I respectfully **RECOMMEND** that the Motion to Dismiss be **GRANTED**.

## BACKGROUND

      The court takes the following facts from the Complaint and Jury Demand (the "Complaint") [Doc. 4] and presumes they are true for purposes of the Motion to Dismiss.  On September 25, 2019, Plaintiff Alla Zarevo ("Plaintiff" or "Ms. Zarevo") was driving her vehicle in Commerce City, Colorado.  [Doc. 4 at ¶¶ 5-6].  After Ms. Zarevo approached an intersection and slowed to a stop at a red traffic light, her vehicle was hit from behind when the driver of

another vehicle failed to slow to a stop. [*Id.* at ¶¶ 7-9]. Plaintiff alleges that the other driver caused the collision in the course of negligently and carelessly operating his vehicle. [*Id.* at ¶ 11].

Ms. Zarevo suffered a number of injuries as a result of the collision, including a cervical disc herniation, cervical pain, and cervical radiculopathy. [*Id.* at ¶ 13]. Ms. Zarevo has been recommended a C5-C7 anterior cervical disc fusion to treat her injuries, which "has been estimated to cost over $170,000.00." [*Id.*]. Thus far, Plaintiff has incurred medical expenses of $34,193.65 and will continue to incur medical expenses "related to her continued care and treatment." [*Id.* at ¶ 14]. In addition to her physical injuries, Ms. Zarevo has suffered, *inter alia*, emotional distress, disruption, impairment, and the loss of quality and enjoyment of life. [*Id.* at ¶ 15].

At the time of the collision, Plaintiff was insured by Defendant State Farm Mutual Automobile Insurance Company ("Defendant" or "State Farm") through a policy owned by her husband (the "Policy"). [*Id.* at ¶ 21]. The State Farm Policy provided underinsured motorist ("UIM") coverage "in the amount of $100,000/$300,000." [*Id.*]. Meanwhile, the other driver held a liability insurance policy through non-party Progressive Insurance with a $25,000 per person, $50,000 per accident liability limit. [*Id.* at ¶ 18]. With State Farm's consent, Ms. Zarevo settled her bodily injury claim against the other driver for that driver's policy limit—$25,000. [*Id.* at ¶ 19]. In addition, Plaintiff's son, a resident relative of Plaintiff's, was also insured through Progressive Insurance at the time of the subject accident. [*Id.* at ¶ 20]. Plaintiff's son "settled the primary underinsured claim for [his] policy's maximum underinsured policy limits of $50,000 per person in September 2020." [*Id.*].

Following the collision, Ms. Zarevo sought UIM coverage from State Farm under the Policy. [*Id.* at ¶¶ 22-23]. Plaintiff provided Defendant with "comprehensive liability documents, medical records and bills related to this claim" and tendered a comprehensive settlement demand

to Defendant in April 2020. [*Id.* at ¶¶ 24-25]. In July and October of 2020, State Farm tendered to Plaintiff payments totaling $9,193.36, [*id.* at ¶ 26],[1] and on November 18, 2020, State Farm offered to settle Ms. Zarevo's UIM claim for $13,172.36. [*Id.* at ¶ 27]. In its settlement offer, State Farm informed Plaintiff that it believed "Plaintiff's property damage [to her vehicle] to be minor and her need for surgery to be unrelated" to the collision. [*Id.* at ¶ 30]. "[I]n light of the magnitude of her injuries, damages, pending surgery costs, and losses," Plaintiff declined State Farm's settlement offer. [*Id.* at ¶ 28].

Ms. Zarevo initiated this civil action on December 21, 2021 in the District Court for the City and County of Denver, Colorado, asserting the following claims against State Farm: (1) breach of contract ("Claim One"); (2) bad faith breach of insurance contract ("Claim Two"); and (3) unreasonable delay or denial of insurance benefits under Colo. Rev. Stat. §§ 10-3-1115 and 10-2-1116 ("Claim Three"). [*Id.* at 5-7]. State Farm removed the action to federal court on January 18, 2022, *see* [Doc. 1], and filed the instant Motion to Dismiss on January 25, 2022. [Doc. 9]. In the Motion, Defendant maintains that Plaintiff fails to state a claim for bad faith breach of insurance contract or unreasonable delay or denial, and for this reason, it argues that Claims Two and Three must be dismissed. [*Id.* at 2]. Ms. Zarevo responded in opposition to the Motion on February 15, 2022, [Doc. 16], and State Farm has since replied. [Doc. 17]. Because the Motion to Dismiss is ripe for Recommendation, I consider the Parties' arguments below.

---

[1] In her Complaint, Plaintiff characterizes these payments as "*Fisher* payments." *See* [Doc. 4 at ¶ 26]. In *State Farm Mutual Automobile Insurance Co. v. Fisher*, the Colorado Supreme Court held that Colorado law imposes a duty on insurers "not to unreasonably delay or deny payment of covered benefits, even though other components of an insured's UIM claim may still be reasonably in dispute." 418 P.3d 501, 504 (Colo. 2018). "Since that time, payments from insurers to insureds for amounts not in dispute are referred to as '*Fisher* payments.'" *Matson v. Geico Cas. Co.*, No. 19-cv-01090-NRN, 2020 WL 406085, at *1 n.2 (D. Colo. Jan. 24, 2020).

## LEGAL STANDARD

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a motion under Rule 12(b)(6), the court must "accept as true all well-pleaded factual allegations . . . and view these allegations in the light most favorable to the plaintiff." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010) (quoting *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)). A plaintiff may not rely on mere labels or conclusions, "and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (explaining that plausibility refers "to the scope of the allegations in a complaint," and that the allegations must be sufficient to nudge a plaintiff's claim(s) "across the line from conceivable to plausible."). The court must ultimately "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

## ANALYSIS

Defendant maintains that Claims Two and Three should be dismissed for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* [Doc. 9]. More specifically, State Farm asserts that Plaintiff's bad faith breach of contract claim should be dismissed because Plaintiff's allegations—taken as true—demonstrate only that the Parties "have a disagreement over the relatedness of Plaintiff's claimed future accident-related medical treatment based on the evidence submitted relating to the accident," which is insufficient to allege that State

Farm acted in bad faith in not meeting her settlement demand.  [*Id.* at 5].  For this same reason, State Farm contends that Ms. Zarevo has failed to state a claim for unreasonable delay or denial; according to State Farm, Plaintiff's allegations are insufficient to allege that Defendant acted without a reasonable basis in denying Plaintiff's settlement demand.  [*Id.* at 6-7].  The court addresses these arguments in turn.

## I.    Applicable Law

Colorado law provides for two types of bad-faith claims arising out of an alleged breach of an insurance contract: (1) common law bad faith breach of an insurance contract; and (2) unreasonable delay or denial of insurance benefits under Colo. Rev. Stat. §§ 10-3-1115 and 10-3-1116, also referred to as "statutory bad faith."  *Dowgiallo v. Allstate Ins. Co.*, No. 19-cv-03035-KMT, 2020 WL 1890668, at *2 (D. Colo. Apr. 16, 2020).  The two claims are similar, but nevertheless distinct.

"[B]oth common law and statutory bad faith claims require a showing of unreasonable conduct."  *McKinney v. State Farm Mut. Auto. Ins. Co.*, No. 20-cv-01651-CMA-KLM, 2021 WL 4472921, at *4 (D. Colo. Sept. 30, 2021).  A statutory bad faith claim primarily concerns whether an insurer denied or delayed the payment of insurance benefits without a reasonable basis.  *State Farm Mut. Auto. Ins. Co. v. Fisher*, 418 P.3d 501, 506 (Colo. 2018); *see also* Colo. Rev. Stat. § 10-3-1115(1)(b)(II)(B)(2) ("[A]n insurer's delay or denial was unreasonable if the insurer delayed or denied authorizing payment of a covered benefit without a reasonable basis for that action.").  Under § 10-3-1115, an insurer who delays or denies payment to its insured without a reasonable basis breaches its statutory duty of good faith and fair dealing.  *See Canady v. Nationwide Affinity Ins. Co. of Am.*, No. 19-cv-00344-RBJ, 2020 WL 376494, at *3 (D. Colo. Jan. 23, 2020).  To state a claim of unreasonable delay or denial under § 10-3-1115, an insured must allege that: (1) the

insurer delayed or denied payment of benefits to the insured, and (2) the delay or denial was without a reasonable basis. *Am. Family Mut. Ins. Co. v. Barriga*, 418 P.3d 1181, 1185-86 (Colo. 2018).

In addition to an insurer's statutory duties, an insurer has a simultaneous common law duty to deal in good faith with its insured. *Am. Family Mut. Ins. Co. v. Allen*, 102 P.3d 333, 342 (Colo. 2004). "Due to the 'special nature of the insurance contract and the relationship which exists between the insurer and the insured,' an insurer's breach of the duty of good faith and fair dealing gives rise to a separate cause of action arising in tort." *Goodson v. Am. Standard Ins. Co.*, 89 P.3d 409, 414 (Colo. 2004) (quoting *Cary v. United of Omaha Life Ins. Co.*, 68 P.3d 462, 466 (Colo. 2003)). "The requirements of a common law bad faith claim under Colorado law are heightened in comparison to those of a statutory bad faith claim." *Butman Fam. Inv. Ltd. P'ship v. Owners Ins. Co.*, No. 19-cv-01638-KLM, 2020 WL 1470801, at *8 (D. Colo. Mar. 25, 2020). In addition to showing that the insurer delayed or denial the payment of benefits without a reasonable basis, "a common law insurance bad faith claim requires the insured to sufficiently allege . . . that the insurer knowingly or recklessly disregarded the validity of the insured's claim." *Id.* (quoting *Fisher v. State Farm Mut. Auto. Ins. Co.*, 419 P.3d 985, 990 (Colo. App. 2015)).

## II.     The Sufficiency of Plaintiff's Allegations

### A.     Materials Considered

Before turning to the merits of the Parties' arguments, the court first must define the scope of this court's analysis. In their briefing on the Motion to Dismiss, the Parties rely upon two documents outside of the Complaint: (1) a November 18, 2020 letter from State Farm to Ms. Zarevo wherein State Farm confirmed its $13,172.36 settlement offer ( "State Farm's letter"), *see*

[Doc. 16-3];[2] and (2) a February 7, 2020 letter purportedly from Plaintiff's treating surgeon to Plaintiff's counsel reflecting the surgeon's opinion that Plaintiff's need for spinal surgery was related to the subject accident (the "surgeon's letter").  *See* [Doc. 16-2].

Typically, a court may not consider documents outside of the complaint in considering a motion to dismiss unless it first converts the motion into a motion for summary judgment.  *Jackson v. Integra Inc.*, 952 F.2d 1260, 1261 (10th Cir. 1991).  However, the court may consider materials outside of the complaint without converting the motion if a document is central to the plaintiff's claims, is referenced in the complaint, and if the parties do not dispute the document's authenticity. *Cty. of Santa Fe v. Public Serv. Co. of N.M.*, 311 F.3d 1031, 1035 (10th Cir. 2002).  Whether to consider such materials is within the court's discretion.  *Jackson*, 952 F.2d at 1261.

Here, State Farm's letter is referenced in the Complaint, *see* [Doc. 4 at ¶ 30], and Plaintiff's claims are based on "State Farm's unreasonable obstinance and refusal to provide reasonable damages evaluations, refusal to provide reasonable offers of settlement and refusal to provide payment for uncontested medical expenses." [*Id.* at ¶ 31].  Moreover, neither Party disputes the authenticity of State Farm's letter; in fact, each Party relies upon the letter in support of its arguments. [Doc. 16 at 6; Doc. 17 at 6].  Accordingly, the court may consider State Farm's letter to Ms. Zarevo in issuing this Recommendation.  *Jackson*, 952 F.2d at 1261.

However, the court finds that it cannot consider the surgeon's letter sent to Plaintiff's counsel without converting the instant Motion into one seeking summary judgment, and the court does not find conversion appropriate at this juncture.  Notably, neither the surgeon nor the surgeon's letter are referenced in the Complaint; while Ms. Zarevo alleges that "[a] C5-C7 Anterior

---

[2] Defendant refers to this letter as "Exhibit B," *see* [Doc. 9 at 5], but did not attach any exhibits to its Motion.  Plaintiff attached the referenced letter to her Response as Exhibit C.  *See* [Doc. 16-3].

Cervical Disc Fusion has been recommended and has been estimated to cost over $170,000.00" and that State Farm "believed . . . [Plaintiff's] need for surgery to be unrelated" to the collision, *see* [Doc. 4 at ¶¶ 13, 20], Ms. Zarevo does not rely upon her surgeon's opinion as a basis for her claims. *See generally* [*id.*]. Nor does Plaintiff allege that State Farm was in possession of the surgeon's letter at the time it made its settlement offer. *See* [*id.* at ¶ 24 (alleging only that "Plaintiff provided State Farm comprehensive liability documents, medical records and bills related to this claim at her expense.")]; [*id.* at ¶ 29 ("Plaintiff's settlement package sent to State Farm contained pages of medical records, bills, and other supporting documentation.")]. In other words, the court cannot conclude, based on the face of the Complaint, that the surgeon's letter is "central" to Plaintiff's claims. Although Ms. Zarevo attempts to bolster her reliance on the surgeon's letter in her Response by asserting new factual allegations, *see* [Doc. 16 at 4, 6], "a plaintiff may not amend [her] complaint through allegations contained in a response to a motion to dismiss," *Miller v. Inst. for Def. Analyses*, No. 17-cv-02411-NYW, 2018 WL 10563049, at *4 (D. Colo. May 29, 2018), and the court cannot consider factual allegations raised for the first time in a response brief. *See Smallen v. W. Union Co.*, 950 F.3d 1297, 1305 (10th Cir. 2020) (the court can "only consider facts alleged in the complaint itself in evaluating the sufficiency of the complaint."). Accordingly, the court will not consider the surgeon's letter in assessing the Motion to Dismiss. Having determined the appropriate materials to be considered at this stage, the court turns to the merits of the Parties' arguments.

**B.    Common Law Bad Faith Breach of Insurance Contract**

As set forth above, to state a claim of common law bad faith, a plaintiff must allege facts establishing that (1) the insurer's conduct was unreasonable; and (2) the insurer knowingly or recklessly disregarded the validity of the insured's claim. *Butman*, 2020 WL 1470801, at *8.

Defendant asserts that Plaintiff's allegations are insufficient to satisfy either element.  [Doc. 9 at 6].  Specifically, State Farm asserts that Plaintiff's allegations suggesting that State Farm acted in bad faith "are purely conclusory and unsupported by any specific facts in the Complaint."  [*Id.* at 6].  According to State Farm, the non-conclusory allegations in the Complaint, coupled with State Farm's letter, allege nothing beyond a reasonable dispute over the value of a fairly debatable claim, and thus, Plaintiff's common law bad faith claim must be dismissed.  [*Id.* at 5-6].

In her response, Plaintiff focuses on the first element of her claim and does not meaningfully address the second element; nor does she expressly argue that her allegations are sufficient to state a claim for relief.  *See* [Doc. 16 at 4-6].  Instead, Ms. Zarevo suggests that State Farm relies upon an improper legal standard in its Motion, arguing that "whether a claim is fairly debatable is not the sole inquiry in a reasonableness analysis."  [*Id.* at 4].  Plaintiff asserts that fair debatability is but one factor to be considered in evaluating whether an insurer acted reasonably, and the denial of a fairly debatable claim may nevertheless be unreasonable.  [*Id.* at 4-5].[3]  And because Plaintiff, at the time she filed her Complaint, had not yet engaged in discovery, she argues that "it is impossible for Plaintiff to determine exactly what steps were or weren't taken by State Farm in evaluating her UIM claim."  [*Id.* at 6].  At bottom, Plaintiff asserts that the question of whether Defendant's conduct was reasonable under the circumstances is most appropriately reserved for the jury.  [*Id.* at 5].

In her Complaint, Ms. Zarevo alleges that after she initiated the claims process with State Farm, she provided State Farm with "comprehensive liability documents, medical records and bills

---

[3] Ms. Zarevo also relies upon the surgeon's letter, as well as new factual allegations, in arguing that Claims Two and Three should not be dismissed.  [Doc. 16 at 3-4, 6].  For the reasons discussed *supra* Section II.A, the court does not consider these new materials or allegations in issuing this Recommendation.

related to [her] claim" and presented to State Farm a settlement demand package.  [Doc. 4 at ¶¶ 24-25].  According to Ms. Zarevo, State Farm tendered to Plaintiff $9,193.36 in *Fisher* payments and offered to settle the outstanding claim for an additional $13,172.36.  [*Id.* at ¶¶ 26-27].  In its settlement offer, State Farm "advised [that] it believed Plaintiff's property damage to be minor and her need for surgery to be unrelated" to the collision, but provided "[n]o additional explanation or expert opinion" for its conclusion.  [*Id.* at ¶ 30].  Based on this alleged conduct, Plaintiff asserts that "State Farm's handling of the UIM claim and denial of benefits was undertaken in bad faith[,] [which] is evidenced by the following facts, actions, and/or omissions," listing twelve boilerplate alleged wrongful acts that are not directly tied to any factual allegations in the Complaint.  [*Id.* at ¶ 48(a)-(n)].  For the reasons that follow, the court respectfully concludes that these allegations are insufficient to satisfy either element of a common law bad faith breach of an insurance contract claim.

      ***Unreasonable Conduct.***  "Whether an insurer has in bad faith breached its duties to an insured is a question of reasonableness; in other words, would a reasonable insurer under the circumstances have denied or delayed payment of the claim under the facts and circumstances." *TAF, L.L.C. v. Hartford Fire Ins. Co.*, 549 F. Supp. 2d 1282, 1289 (D. Colo. 2008) (quotation omitted).  "Under Colorado law, it is reasonable for an insurer to challenge claims that are 'fairly debatable.'" *Vaccaro v. Am. Fam. Ins. Grp.*, 275 P.3d 750, 759 (Colo. App. 2012).  But "fair debatability is not a threshold inquiry that is outcome determinative as a matter of law, nor is it both the beginning and the end of the analysis in a bad faith case." *Sanderson v. Am. Fam. Mut. Ins. Co.*, 251 P.3d 1213, 1218 (Colo. App. 2010); *see also Etherton v. Owners Ins. Co.*, 829 F.3d 1209, 1227 (10th Cir. 2016) ("[U]nder Colorado law, fair debatability can be a relevant but not necessarily a determinative factor as to whether the insurer acted reasonably.").  However, the fact

that a claim is "fairly debatable" "weighs against a finding that the insurer acted unreasonably." *Sanderson*, 251 P.3d at 1217.

Plaintiff is correct that the ultimate determination of whether an insurer acted reasonably is a question reserved for the jury. *Thompson v. State Farm Mut. Auto. Ins. Co.*, 457 F. Supp. 3d 998, 1003 (D. Colo. 2020); *see also Ridgeview Ctr. LLC v. Canopius US Ins. Inc.*, No. 18-cv-02850-REB-MEH, 2019 WL 2137394, at *4 (D. Colo. May 16, 2019), *report and recommendation adopted*, 2019 WL 13149200 (D. Colo. Sept. 17, 2019) ("Typically, in cases like this, the parties employ experts to opine whether such conduct aligns with industry standards."). For that reason, the court cannot, and does not, pass on whether Defendant acted reasonably in this matter. But the fact that the ultimate determination of an insurer's reasonableness is reserved for the jury does not obviate the court's duty to determine, at the pleading stage, whether Ms. Zarevo has adequately stated a claim for relief. *See Hometown Cmty. Ass'n, Inc. v. Philadelphia Indem. Ins. Co.*, No. 17-cv-00777-RBJ, 2017 WL 6335656, at *8 (D. Colo. Dec. 12, 2017) ("At the motion to dismiss stage, . . . it is not for the Court to decide whether [the defendant's] conduct was reasonable as a matter of law or constituted bad faith. [The court] need only determine whether [the plaintiff] has provided sufficient facts to plausibly state its claims."); *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) ("The court's function on a Rule 12(b)(6) motion is . . . to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted.").

As set forth above, Ms. Zarevo alleges that she presented a settlement demand to State Farm; State Farm tendered $9,193.36 to Plaintiff and offered to settle the claim for an additional $13,172.36; State Farm informed Plaintiff that the basis for its offer was that it believed the damage to Plaintiff's vehicle was minor and her need for spinal surgery to be unrelated to the collision;

and Plaintiff declined State Farm's offer.  [Doc. 4 at ¶¶ 25, 27-28, 30].  In addition, State Farm's letter states that "State Farm is not relating surgery at this time, but [is] open to any additional information" from Plaintiff.  [Doc. 16-3 at 2].  The court respectfully cannot conclude that these allegations, even construed in Plaintiff's favor, are sufficient to support an inference of unreasonable conduct on the part of State Farm.

At best, Plaintiff's allegations demonstrate that State Farm arrived at a lower valuation of Ms. Zarevo's claim than what Plaintiff believes is appropriate, but that State Farm was willing to consider additional information submitted by Plaintiff.  *See* [*id.*]; *see also* [Doc. 4 at ¶¶ 25, 27-28]. While the fair debatability of a claim will not, in and of itself, absolve an insurer from liability, *see Sanderson*, 251 P.3d at 1218, there are no factual allegations in the Complaint suggesting that State Farm acted unreasonably in the claims-handling process.  "Simply saying that defendant acted unreasonably or unfairly[] does not make it so," *Villa Maison Homeowners Ass'n, Inc. v. Owners Ins. Co.*, No. 17-cv-01542-RM-KMT, 2018 WL 11182673, at *2 (D. Colo. July 9, 2018), and "[u]nreasonable conduct cannot be established by virtue of a mere disagreement of value between the insured and insurer." *Yale Condos. Homeowner's Ass'n, Inc. v. Am. Fam. Mut. Ins. Co., S.I.*, No. 19-cv-02477-KMT, 2021 WL 1222518, at *7 (D. Colo. Apr. 1, 2021); *see also Canady v. Nationwide Affinity Ins. Co. of Am.*, No. 19-cv-00344-RBJ, 2020 WL 376494, at *4 (D. Colo. Jan. 23, 2020) ("An insured should not be allowed to automatically accuse an insurer of bad faith in every situation in which the insurer disagrees with the insured about the value of a claim.").  Absent any factual allegations identifying specific conduct of State Farm that was allegedly unreasonable, the mere fact that State Farm did not meet Plaintiff's settlement demand is insufficient to allege unreasonable conduct.  *Cf. Kaiser v. Mountain States Mut. Cas. Co.*, No. 12-cv-01757-DME-KLM, 2013 WL 179454, at *5 (D. Colo. Jan. 17, 2013) (the plaintiffs failed to state a claim for a

breach of the covenant of good faith and fair dealing where the plaintiffs "[did] not identify any act of [the defendant], other than its failure to pay the claim, to support their assertion that [the defendant] was unreasonable, or that it knowingly or recklessly disregarded their claim.").

In her Response, Plaintiff states that "[w]hile [she] agrees with State Farm's allegation in its Motion that she and State Farm have a disagreement over the relatedness of her medical treatment and the subject accident," she argues that she is "alleging more in this case than simply a fairly debatable value disagreement." [Doc. 16 at 5, 6]. Notably, Plaintiff's argument is supported *only* by factual allegations not included in her Complaint. *See, e.g.*, [*id.* at 6 ("Upon information and belief, State Farm did not contact [Plaintiff's surgeon], nor did it request an independent medical examination of Plaintiff. . . . Plaintiff believes State Farm made its offers without consulting with doctors specializing in orthopedic surgery such as [Plaintiff's surgeon].")]. But Plaintiff cannot rely upon new factual assertions to survive a motion to dismiss, *Smallen*, 950 F.3d at 1305, and thus, Plaintiff's argument does not change this court's analysis.

Nor are Plaintiff's boilerplate allegations of wrongful conduct, *see* [Doc. 4 at ¶ 48(a)-(n)], sufficient to state a plausible claim. For instance, while Ms. Zarevo suggests that State Farm refused to pay benefits "without conducting a reasonable investigation based upon all information" and "failed and/or refused to reasonably consider and fairly evaluate available and pertinent information," she does not identify any information that State Farm failed to consider or otherwise identify any flaws in State Farm's claims-handling process. [*Id.* at ¶ 48(a)-(b)]. Moreover, Plaintiff states that State Farm "reli[ed] on biased, incorrect, and/or self-serving information and opinions" in handling her claim, but does not identify such self-serving information or opinions or otherwise explain how State Farm relied upon such unreliable information. [*Id.* at ¶ 48(c)]. And finally, while Plaintiff avers that State Farm disregarded the observations or opinions of Plaintiff's

treating providers, Plaintiff does not identify such purportedly disregarded opinions or allege that State Farm was even presented with such observations or opinions. [*Id.* at ¶ 48(d)-(e)].[4]   These generic allegations of wrongful conduct, which lack any specific ties to the facts of this case, are insufficient to state a plausible claim for relief. *O'Rourke v. Geico Cas. Co.*, No. 21-cv-00200-RM-NYW, 2021 WL 5071840, at *7 (D. Colo. July 2, 2021), *report and recommendation adopted*, No. 21-cv-00200-RMR-NYW [ECF No. 46] (recommending dismissal of bad-faith claim where "bare conclusions that [the defendant] failed to promptly or appropriately investigate Plaintiff's claim" were unsupported by factual allegations); *Villa Maison*, 2018 WL 11182673, at *3 (an "unexplained" "list of actions in which defendant allegedly engaged" was insufficient to support a bad-faith claim); *Iqbal*, 556 U.S. at 678 ("naked assertion[s] devoid of further factual enhancement" are insufficient to state a claim).

Plaintiff argues that without discovery, "it is impossible for Plaintiff to determine exactly what steps were or weren't taken by State Farm in evaluating her UIM claim." [Doc. 16 at 6]. The court is respectfully unpersuaded by this argument. While Ms. Zarevo need not prove her claims at the pleading stage, she must, at minimum, provide *some* factual basis for her claims. *Iqbal*, 556 U.S. at 678-79; *cf. MAGicAll, Inc. v. Advanced Energy Indus., Inc.*, No. 17-cv-02582-RBJ, 2018 WL 3619720, at *9 (D. Colo. July 30, 2018) (a plaintiff may not initiate litigation

---

[4] At best, Plaintiff alleges that State Farm "fail[ed] to articulate a rationale for ignoring or unreasonably dismissing the observations and opinions of Plaintiff's treatment and providers," [Doc. 4 at ¶ 48(e)], which could be vaguely tied to Plaintiff's factual averment that State Farm provided "[n]o additional explanation or expert opinion" for its offer. [*Id.* at ¶ 30].   But as mentioned above, Ms. Zarevo never alleges that she provided the surgeon's letter to State Farm and does not identify any specific opinions which she believes State Farm ignored.   Moreover, Plaintiff herself alleges in her Complaint that State Farm provided an explanation for its decision, *see* [*id.*], and Plaintiff cites no legal authority demonstrating that State Farm's decision to provide any "additional explanation" beyond its proffered explanation could constitute unreasonable conduct. *See generally* [Doc. 16].

"because [s]he thinks that the defendant might have done something wrong and hopes to find something in discovery that will show it").  The court respectfully concludes that Plaintiff has not done so here, and for this reason, she has not sufficiently alleged that State Farm engaged in unreasonable conduct.

      ***Knowledge or Reckless Disregard***.  Even if Ms. Zarevo had sufficiently alleged that State Farm acted unreasonably, her bad faith would still fail to state a claim under Rule 12(b)(6).  Stated simply, there are no <u>factual</u> allegations in the Complaint that could support an inference that State Farm acted knowingly or recklessly in handling Plaintiff's claim.  Ms. Zarevo alleges only that "State Farm knew that its conduct was unreasonable and/or acted in reckless disregard of such knowledge."  [Doc. 4 at ¶ 50].  But such a statement is nothing more than a "naked assertion devoid of further factual enhancement."  *Iqbal*, 556 U.S. at 678; *Ryals v. Am. Fam. Ins. Co., S.I.*, No. 20-cv-02736-NYW, 2021 WL 848195, at *8 (D. Colo. Mar. 5, 2021) ("bald allegations" that the defendant intentionally and knowingly underpaid the plaintiff's claim were insufficient to plead second element of a bad faith claim); *compare Ridgeview*, 2019 WL 2137394, at *5 (allegations were sufficient to allege knowledge or reckless disregard where the plaintiff alleged that the defendant's agent declared the subject roof to be "destroyed" and in need of replacement, but where the defendant then "grossly undervalued" the roof's replacement costs and knowingly relied on incomplete estimates).

      For these reasons, the court concludes that Ms. Zarevo has failed to state a common law bad faith claim.  I respectfully **RECOMMEND** that the Motion to Dismiss be **GRANTED** as to Plaintiff's Claim Two and that Claim Two be **DISMISSED without prejudice**.

B.       **Unreasonable Delay or Denial**

Next, State Farm argues that Plaintiff's Claim Three should be dismissed because the Complaint contains no factual allegations "suggesting that State Farm failed to pay benefits owed without a reasonable basis."  [Doc. 9 at 7].  In response, Ms. Zarevo argues that "[t]he reasonableness of State Farm's offers for Plaintiff's contractual UIM benefits should be properly litigated on its merits and should be determined by a jury."  [Doc. 16 at 8].  She states that because she is "disputing the value of benefits offered by State Farm, . . . a jury could make a finding that the delay in paying benefits was unreasonable pursuant to" § 10-3-1115.  [*Id.*].  For this reason, Ms. Zarevo argues that the court should not dismiss her unreasonable-delay-or-denial claim.  [*Id.*].  With respect to the actual allegations in the Complaint, Ms. Zarevo suggests, but does not expressly argue, that her allegations are sufficient to state a claim.  [*Id.* at 7 (citing [Doc. 4 at ¶¶ 57-58])].

Taking Plaintiff's argument to its logical conclusion, Plaintiff suggests that so long as she states in her Complaint that State Farm lacked a reasonable justification for its claim decision, she can survive a Rule 12(b)(6) motion to dismiss.  The court respectfully disagrees.  A plaintiff "cannot rely on conclusory allegations, legal conclusions, or unwarranted inferences to substantiate [her] claim."  *Dowgiallo*, 2020 WL 1890668, at *4; *Simental v. State Auto. Mut. Ins. Co.*, No. 21-cv-01725-CMA-NYW, 2022 WL 204603, at *3 (D. Colo. Jan. 24, 2022) ("wholly conclusory recitations" of the elements of a claim are insufficient to state a plausible claim).  Accordingly, the court turns to the allegations in the Complaint to determine whether Plaintiff has stated a <u>plausible</u> claim for relief.

Plaintiff directs the court to two allegations in her Complaint: that "State Farm has failed to pay to Plaintiff UIM benefits owed under the Policy" and that "State Farm lacks a reasonable justification for its failure to pay to Plaintiff the UIM benefits owed under the Policy."  *See* [Doc.

16 at 7]; [Doc. 4 at ¶¶ 57-58].  But the mere fact that State Farm did not agree to pay the full amount of Plaintiff's settlement demand is insufficient to allege unreasonable conduct, *see Yale Condos. Homeowner's Ass'n*, 2021 WL 1222518, at *7, and "[c]onclusory arguments and allegations such as those contained in paragraph[] [58] of the complaint are not entitled to the presumption of truth." *Musel Master, LLC v. Am. Fam. Mut. Ins. Co.*, No. 18-cv-2725-RBJ, 2019 WL 9244886, at *4 (D. Colo. June 24, 2019).  Absent any factual allegations supporting Plaintiff's legal conclusions, she fails to state a claim upon which relief could be granted.  *See id.* at *4 (dismissing unreasonable delay or denial claim where the plaintiff alleged no facts to support conclusory allegation that the defendant insurer "unreasonably delayed and denied covered benefits without a reasonable basis for doing so by failing to conduct a fair investigation of [the plaintiff's] claim"); *Simental*, 2022 WL 204603, at *3 (absent supporting factual allegations demonstrating unreasonable conduct, the "alleged refusal to pay, or delay in paying, an undetermined amount in UIM benefits" was insufficient to state a claim); *compare Haynes v. Allstate Fire & Cas. Ins.*, No. 19-cv-02397-STV, 2020 WL 816043, at *5 (D. Colo. Feb. 18, 2020) (finding that the plaintiff had alleged sufficient facts to support an unreasonable delay or denial claim when she alleged that the insurer used inappropriate computer programs to reduce her medical bills and evaluate her claims and failed to pay the plaintiff the amount of undisputed benefits she was entitled to).

In sum, I find that Plaintiff has failed to state a claim for unreasonable delay or denial of insurance benefits.  For this reason, I respectfully **RECOMMEND** that the Motion to Dismiss be **GRANTED** and that Plaintiff's Claim Three be **DISMISSED without prejudice**.[5]

---

[5] Plaintiff, who is represented by counsel, has not requested leave to amend her Complaint, nor did she amend her Complaint as a matter of right under Rule 15(a)(1)(B) after Defendant filed its Motion to Dismiss.  Thus, this court does not pass on whether leave to amend would be appropriate.

## CONCLUSION

For the reasons stated herein, this court respectfully **RECOMMENDS** that:

(1)     Defendant's Motion to Dismiss in Part Pursuant to Fed. R. Civ. P. 12(b)(6) [Doc.

9] be **GRANTED**; and

(2)     Plaintiff's Claims Two and Three be **DISMISSED without prejudice** for failure

to state a claim.[6]


DATED:  April 8, 2022                                    BY THE COURT:

                                                         _____
                                                         Nina Y. Wang
                                                         United States Magistrate Judge

---

*Calderon v. Kansas Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999) (observing that leave to amend need not be granted absent the filing of a formal motion and even a bare request, without any articulated grounds, are not sufficient).

[6] Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *United States v. One Parcel of Real Prop. Known As 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Refining Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).  *But see Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).